IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ROBERT F. CALDWELL | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:08cv496 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Robert Caldwell, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of disciplinary action taken against him during his confinement in the prison. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Caldwell says that he was convicted of the disciplinary offense of threatening harm to an officer. As punishment, he received 15 days of cell and commissary restriction and retention in Line Class III, the lowest classification status, but did not lose any good time. He asserted that there was no evidence to support the finding of guilt because the officer's testimony contradicted the allegations of the charge, he was not allowed to ask the questions of the charging officer which he wanted to ask, and that the charging officer had lied.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. Relying on Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), the Magistrate Judge concluded that Caldwell had failed to show the deprivation of a constitutionally protected liberty interest, based upon the punishments imposed as a result of the hearing. Caldwell filed objections to the Magistrate Judge's Report on January 27, 2009.

1

In his objections, Caldwell argues that the Magistrate Judge "was not neutral," that he, Caldwell, was denied due process, that there was no evidence to support the finding of guilt because the hearing officer's testimony was false and thus not evidence, the disciplinary hearing officer was not impartial, and that he is entitled to an evidentiary hearing in order to find out "where the truth lies." He does not allude to the Magistrate Judge's conclusion that he did not show the deprivation of a constitutionally protected liberty interest through the punishments which were imposed, nor does he point to any such liberty interest. Caldwell's objections are without merit, as is his request for an evidentiary hearing through which he apparently seeks to re-try the disciplinary case. *See* Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981) (*de novo* factual review of the evidentiary basis for a finding of guilt in a prison disciplinary case is not required).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Robert Caldwell is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 27th day of March, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**